```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION

Henry Sunderman,                    :

       Plaintiff,                   :    Case No. 2:14-cv-971

v.                                  :    JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
Wanza Jackson,                      :

       Defendant.                   :


Lamar Chaney,                       :

       Plaintiff,                   :    Case No. 2:14-cv-1054

v.                                  :    JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
Dr. Wanza Jackson,                  :

       Defendant.                   :


Jesse Prim,                         :

       Plaintiff,                   :    Case No. 2:14-cv-1219

v.                                  :    JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
Dr. Wanza Jackson,                  :

       Defendant.                   :


Lambert Dehler,                     :

       Plaintiff,                   :    Case No. 2:14-cv-2099

v.                                  :    JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
Gary C. Mohr, et al.,               :

       Defendants.                  :

Grady Krzywkowski,                  :

       Plaintiff,                   :    Case No. 2:14-cv-2159
```

v.                                    :
                                          JUDGE MICHAEL H. WATSON
Gary C. Mohr, et al.,                 :   Magistrate Judge Kemp

    Defendants.                       :

## OPINION AND ORDER

Plaintiff, Jesse Prim, an inmate currently housed at Grafton Correctional Institution, has brought this action against state employee Wanza Jackson in her individual and official capacities pursuant to 42 U.S.C. §1983. He alleges that Defendant violated his rights under the First and Fourteenth Amendments to the United States Constitution, and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Defendant has filed a motion to consolidate his case with two other cases: Sunderman v. Jackson, No. 2:14-cv-971 and Chaney v. Jackson, No. 2:14-cv-1054. (Doc. 9). "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte." See, e.g., Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (citation omitted). The Court, here, will consider the motion to consolidate and will also consider, sua sponte whether to consolidate the other cases that have been identified by the Court as related cases.

For the following reasons, the motion to consolidate (Doc. 9) will be granted and the Court will order the consolidation of Case Nos. 2:14-cv-971, 2:14-cv-1054, 2:14-cv-1219, 2:14-cv-2099, and 2:14-cv-2159.

## I. BACKGROUND

This case is one of six cases that the Court has deemed related and transferred to the above-captioned judges. The earliest filed of those cases, Dehler v. Jackson, 2:14-cv-614, originally contained claims related to the other cases, but plaintiff voluntarily severed his claims and filed a new action bearing docket number 2:14-cv-2099, in which he raised his claims

2

for religious accommodation.  The case bearing docket number 2:14-cv-614 now only contains a claim against Defendant Mohr for turning off the electricity at the Grafton Correctional Institution and does not contain claims that involve common questions of law or fact with the other cases.  Accordingly, there are five related cases that currently include common questions of law or fact, and those cases are the following:

Sunderman v. Jackson, 2:14-cv-971 (Related case memo at doc. 2 deeming this case related to 2:14-cv-614 (as noted above, docket number 14-2099 contains the related claims from that action));

Chaney v. Jackson, 2:14-cv-1054 (Related case memo at doc. 10 deeming this case related to 14-971 and 14-1219);

Prim v. Jackson, 14-1219 (Related case memo at doc. 13 deeming this case related to 14-971 and 14-1054);

Dehler v. Mohr, 2:14-cv-2099 (Related case memo at doc. 5 deeming this case related to 2:14-cv-614, 2:14-cv-971, 2:14-cv-1054, and 2:14-cv-1219; this case (2:14-cv-2099) is the case that was severed from 2:14-cv-614, and this case contains the claims related to the other cases); and

Krzywkowski v. Mohr, 2:14-cv-2159 (Related case memo at doc. 5 deeming this case related to 2:14-cv-614, 2:14-cv-971, 2:14-cv-1054, and 2:14-cv-1219; as noted above, 2:14-cv-614 was subsequently voluntarily severed such that the new case, 2:14-cv-2099, contained the related claims).

Those five cases were each brought by a pro se plaintiff against one or more defendants including Wanza Jackson.  The plaintiffs in those cases are inmates who claim to be of the faith described as the "Notzrim" or "Natsarim" faith (alternately identified in the complaints as "Messianic Israelite" or "Messianic Jewish") or the "Hebrew Israelite" faith.  The plaintiffs allege that their faith requires them to abstain from

3

unclean foods as specified in the Torah and, therefore, to be placed on a kosher diet.  All of the cases include a claim that Defendant Jackson (and potentially other defendants) violated their rights under the First and Fourteenth Amendments to the Constitution and RLUIPA by denying their requests for kosher meals.  The fifth case, Krzywkowski v. Mohr, 14-2159, differs to some degree in that it alleges that Mr. Krzywkowski's request for kosher meals, while denied for a time in violation of his rights, was ultimately approved.  These cases seek declaratory relief and injunctive relief in addition to damages.  Two of the cases allege various other violations of their rights relating to the practice of their faith.

Defendant has moved to consolidate three of the civil actions.  The Court sua sponte considers whether to consolidate all five of the above-described actions.

## II. ANALYSIS

Consolidation of cases is provided for in Rule 42(a) of the Federal Rules of Civil Procedure, which states, in pertinent part, that the Court may order consolidation of actions involving "a common question of law or fact . . . ."  Fed. R. Civ. P. 42(a).  The purpose of consolidation is to "administer the court's business 'with expedition and economy while providing justice to the parties.'"  Advey v. Celotex, Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, §2381 (1971)).  Courts should thoughtfully consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th

Cir. 1993) (citation and internal quotation marks omitted).

"[C]onsolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other." Twaddle v. Diem, 200 F. App'x 435, 438 n.4 (6th Cir. 2006) (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933) (interpreting predecessor of Rule 42(a))). "[I]t is the district court's responsibility to ensure that parties are not prejudiced by consolidation." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412-13 (6th Cir. 1998) (citing Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed.1994)).

Mr. Prim opposes this motion. He opposes it on the grounds that The Prisoner Litigation Reform Act of 1995 (PLRA) "forbids inmates from filing joint complaints" and "overrides joinder rules." (Doc. 14 at 1). In support of his argument, he cites Spencer v. Bynum, which does not say that the PLRA forbids joint complaints, but rather points out the "significant practical problems with allowing several prisoners to file a joint complaint." No. 2:13-13056, 2013 WL 4041870, at *3 (E.D. Mich. Aug. 8, 2013). Those practical problems arise in the context of joinder under Rule 20(a) of the Federal Rules of Civil procedure and not in the context of consolidation pursuant to Rule 42(a). The distinction between the two has been described by the Third Circuit decision in Hagan v. Rogers:

> It is noteworthy that the statutory construction problems posed by applying Rule 20 in the face of the strictures of §§ 1915(b) and (g) do not arise in the context of consolidation of suits under Federal Rule of Civil Procedure 42(a). The difference between joinder under Rule 20 and consolidation under Rule 42(a) is not a distinction without a difference. Under the latter rule, before there is a consolidation there are, by definition, separate actions, for each of which a filing fee is paid and each of which must stand on its own merit. See Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); In re

5

> Community Bank of Northern Virginia, 418 F.3d 277, 298 n.12 (3d Cir. 2005) (affirming Johnson as the "authoritative" statement on the law of consolidation) (citation omitted). Rule 42(a) stands as an independent and solid foundation for bringing efficiencies to related prisoner lawsuits, as district courts may, on a case-by-case basis, deem fit. See Young v. City of Augusta, 59 F.3d 1160, 1168-69 (11th Cir. 1995) (when the "core issue of liability" was "the same in both cases[,]" consolidation of actions involving prison deliberate indifference claims would be warranted).

Hagan v. Rogers, 570 F.3d 146, 161 (3d Cir. 2009).

Accordingly, the question before the Court is whether there is a common question of law or fact and whether risks of prejudice and confusion are outweighed by the risk of inconsistent adjudications and various burdens and expenses. Cantrell, 999 F.2d at 1011 (citation omitted).  In his opposition brief, Mr. Prim does not dispute that the actions before the court involve numerous common questions of law and fact.  While the affidavit attached to his opposition states that each of the cases contains distinct facts, it does not dispute that common questions of law and fact exist.  All of the cases address the question of whether plaintiffs were denied kosher meals in violation of their rights under the First and Fourteenth Amendments and RLUIPA.  Furthermore, all of the cases seek declaratory judgment as to that issue, and four of the cases seek injunctive relief ordering Defendant Jackson to grant the plaintiffs' requests for kosher meals.  Mr. Prim has not raised any risks of confusion, nor is the Court aware of any.  The case law makes it clear that consolidation does not change the rights of the parties.  It appears that all parties will benefit from the consolidation of the actions, and judicial economy favors consolidation.  Accordingly, it is appropriate here to consolidate the actions.

III.  CONCLUSION

For all the foregoing reasons, the Motion to Consolidate is granted and the Court sua sponte orders the consolidation of two additional cases.

The Court ORDERS the consolidation of Case Nos. 2:14-cv-971, 2:14-cv-1054, 2:14-cv-1219, 2:14-cv-2099, and 2:14-cv-2159 under Case No. 2:14-cv-1219, and DIRECTS the parties to file all future matters in Case No. 2:14-cv-1219.  The Clerk of Courts is directed to file a copy of this order in Case Nos. 2:14-cv-971, 2:14-cv-1054, 2:14-cv-1219, 2:14-cv-2099, and 2:14-cv-2159.

                    IV.   PROCDURE ON MOTION TO RECONSIDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                              /s/ Terence P. Kemp
                              United States Magistrate Judge